UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORI CALLANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:16-CV-01697-JMB |
| | ) |
| PENNYMAC LOAN SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Plaintiff was asked by this Court to brief the issue concerning the applicability of 28 USC § 2283, the Anti-Injunction Act, in this matter.  Plaintiff requested that this Court enter an order staying or enjoining Defendant or any agent, representative or party acting through Defendant from proceeding to have Plaintiff removed from her home at 14 Claiborne, St. Louis, MO 63119 (hereinafter "Claiborne").  This Court has expressed concern that the Anti-Injunction Act precludes this Court from staying the unlawful detainer action currently pending in state court or from staying the Defendant from having Plaintiff removed from her home.

### II.   STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff fell behind in mortgage payments to Defendant in 2015.  Defendant caused a notice to be sent to Plaintiff advising that Claiborne was scheduled for foreclosure on May 31, 2016.  On May 20, 2015, as a result of receiving notice of foreclosure, Plaintiff contacted Defendant and requested a reinstatement quote.  Plaintiff was advised that she needed to contact Millsap & Singer, LLC to obtain a reinstatement quote.  On May 21, 2016, Plaintiff contacted Millsap & Singer, LLC and left a message asking what she needed

to do to keep from being foreclosed upon.  Plaintiff subsequently contacted Millsap & Singer, LLC and Defendant on numerous occasions to obtain a reinstatement quote and attempted to pay Defendant all the amounts due and owing to prevent foreclosure of Claiborne.  Plaintiff had sufficient funds available to her at the time of foreclosure to bring her mortgage loan current, but was prevented from curing the default in mortgage payment because Defendant refused to provide Plaintiff with a reinstatement quote or accept tendered funds.  Defendant foreclosed on Clairborne on May 31, 2016 without ever providing plaintiff a reinstatement quote.  Defendant's refusal to provide Plaintiff with a reinstatement quote or accept tendered funds is the nexus of Plaintiff's Complaint.

Defendant filed an Unlawful Detainer in Associate Circuit Court, State of Missouri and obtained an order for possession on September 14, 2016.  On October 17, 2016, Plaintiff was served with a Notice to Vacate by 8:00 am on October 24, 2016.  In response to the Notice to Vacate Plaintiff filed a four count Complaint in the Circuit Court of St. Louis County, State of Missouri on October 18, 2016 as follows:  Count I - Count I – Stay Unlawful Detainer or in the Alternative Request for a Permanent, Count II - Wrongful Foreclosure, Count III - Violation of the Missouri Merchandising Practices Act and Count IV – Breach Of Contract.  On October 20, 2016, Plaintiff obtained a Temporary Restraining Order (hereinafter "TRO") preventing Defendant from removing Plaintiff from Claiborne.  The TRO was effective for 15 days. Defendant removed this action to federal court on November 1, 2016 on the basis of diversity of citizenship and the amount in controversy.  A federal question is not currently pending before this court.  After removal to federal court the TRO was extended to October 18, 2016 by consent.  This matter came before this court on November 15, 2016 on Plaintiff's Motion for Preliminary Injunction.

10

### III. THE ANTI-INJUNCTION ACT

28 USC § 2283 provides "[a] court of the United States may not grant an injunction to stay proceedings in a State court…"   There are three exceptions to this prohibition: 1) "except as expressly authorized by Act of Congress;" 2) "where necessary in aid of its jurisdiction;" or 3) "to protect or effectuate its judgments."  If one of the statutory exceptions to the Anti-injunction Act applies then 28 USC § 1651, All-Writs Act, permits the federal court to enjoin a state court proceeding.  Plaintiff agrees that her request for a Preliminary Injunction fails to fall within one of the narrow exceptions to the Anti-injunction act.

### IV.  PLAINTIFF'S COMPLAINT SHOULD BE REMANDED TO STATE COURT

#### A. The Younger Abstention Doctrine Requires Remand.

The three requirements of the younger Abstention Doctrine "as refined by *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432, 102 S.Ct. 2515 2521, 73 L.Ed.2d 116 (1982)…" are "…that important state interests were involved, that there were ongoing state judicial proceedings, and that there existed an adequate opportunity in the state proceedings to raise the constitutional challenges." *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1141 (C.A.8 (Neb.), 1990).   The significant issue is whether the state "has a substantial, legitimate interest…" and "the overall importance of the proceedings to the state." *Id.* at 1444.  The federal court "will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  This district determined that the Younger Abstention Doctrine applies in cases similar to Plaintiff's case.  See *Boyer v. Scott Bros. Inv. Corp.* 4:11CV1173 HEA (E.D. Mo., 2011).

The applicability of the Younger Abstention Doctrine in this case is even more critical in light of the Missouri Supreme Court decisions in <u>Wells Fargo Bank, N.A. v. Smith</u>, 392 S.W.3d

10

446 (Mo., 2013) and *Fed. Nat'l Mortg. Ass'n v. Wilson* (Mo. App., 2013) wherein the Court instructed that Plaintiffs bringing a wrongful foreclosure action against their lender may seek a stay of the Unlawful Detainer proceeding as part of the wrongful foreclosure action.  The court presiding over an unlawful detainer does not have the discretion to itself.  *American Vision Center of St. Louis Centre, Inc. v Carr Optical, Inc.* 810 S.W.2d 121, 122. (Mo.App.E.D.1991). The only way Plaintiff can obtain the protections afforded to her by the Missouri Supreme Court is through the Missouri State Courts.  The State of Missouri has a legitimate interest in protecting the interest of its citizens.

### B.  Prior Exclusive Jurisdiction Requires Remand.

"The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* jurisdiction over a *res,* a second court will not assume *in rem* jurisdiction over the same *res*.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043, 11 Cal. Daily Op. Serv. 7786, 2011 Daily Journal D.A.R. 9371 (9th Cir., 2011) *Marshall v. Marshall*, 547 U.S. 293, 311, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006); see also *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466–67, 59 S.Ct. 275, 83 L.Ed. 285 (1939).  "[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction." *Kline v. Burke Const Co*, 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077 (1922).

In this instant case, an unlawful detainer was pending at the time Defendant removed this matter to federal court.  Plaintiff originally filed her case in state court and sought a preliminary injunction, in the manner prescribed by the Missouri Supreme Court, to prevent her removal from Clairborne.  The *res* in the unlawful detainer is exactly the same as the *res* in this matter currently pending before this Court.  This Court is therefore precluded from continuing to

10

exercise control over this matter

## V. CONCLUSION

This Court is required to remand this matter back to state court under the Younger Abstention Doctrine and the Prior Exclusive Jurisdiction. Plaintiff will be deprived of her due process rights without remand because she will be unable to avail herself of the remedies afforded to her under the laws of the State of Missouri. If this court refuses to remand Plaintiff's case back to the state court it will be denying Plaintiff her fundamental rights as afforded to her by the State of Missouri and the Tenth Amendment of United States Constitution.

      Respectfully submitted,

      /s/ Angela Redden-Jansen
      Angela Redden-Jansen, #42684
      Andrew Sandroni, #35105
      3350 Greenwood Blvd.
      Maplewood, MO 63143
      (314) 645-5900 (telephone)
      (314) 645-5990 (facsimile)
      amredden@swbell.net
      *Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of November, 2016, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon Jennifer Briner.

      /s/Angela Redden-Jansen