UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LORI CALLANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 1697 JMB |
| | ) |
| PENNYMAC LOAN SERVICES, LLC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM, ORDER AND STATUS UPDATE ON TEMPORARY RESTRAINING ORDER ISSUED ON NOVEMBER 1, 2016

On November 1, 2016, this Court issued a temporary restraining order ("TRO") preventing Defendant from evicting Plaintiff from her house. (ECF No. 7) On November 15, 2016, the Court held a hearing on Plaintiff's motion for a preliminary injunction, which would have extended the protection provided by the TRO, and prevented Defendant from evicting Plaintiff during the pendency of this lawsuit.

At that hearing, however, the Court expressed concern that the Anti-Injunction Act, see 28 U.S.C. § 2283, prevents the Court from issuing injunctive relief. The Court requested that Plaintiff brief the issue prior to the expiration of the TRO on November 18, 2016.[1] (See ECF No. 13) Plaintiff then filed a brief somewhat addressing the Anti-Injunction Act, but also arguing that the Court lacks jurisdiction under Younger v. Harris, 401 U.S. 36 (1971), and the "prior exclusive jurisdiction doctrine." Plaintiff requests the Court remand this case to state court. (ECF No. 16)

---

[1] Plaintiff appears to have mistakenly believed that her briefing was due on November 17, 2016, at 3:00 p.m., because she filed a motion for leave to file out of time at 10:48 p.m. on November 17, 2016. Plaintiff's motion will be denied as moot because her response was due prior to 3:00 p.m. on *November 18, 2016*. (See ECF No. 13 at *2) Plaintiff's filing was timely.

The TRO preventing Defendant from executing on the writ of possession obtained in state court expired last Friday, and in spite of Plaintiff's emergency filings, the Court did not extend the TRO. This was for two primary reasons. First, the briefing that Plaintiff submitted still leaves this Court with the impression that the Anti-Injunction Act prevents the Court from issuing further injunctive relief. Second, and perhaps more importantly, Defendant represented to the Court that it would not execute on the writ of possession until after January 1, 2017. This representation—which the Court relied upon in its decision—allows for full briefing of the Anti-Injunction Act and newly-raised abstention issues, without requiring the Court to issue a potentially problematic injunction.

Therefore, the previous order setting a deadline for Defendant to respond to Plaintiff's brief remains in effect, with slight modifications, to account for the fact that Plaintiff raised new issues in her emergency briefing. Defendant shall have until November 30, 2016, to file briefing addressing the applicability of the Anti-Injunction Act, and to respond to Plaintiff's new arguments concerning abstention under <u>Younger</u> and the prior exclusive jurisdiction doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Leave To File Out Of Time (ECF No. 14) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant shall submit a brief responding to Plaintiff's arguments regarding the Anti-Injunction Act, <u>Younger</u> abstention, the prior exclusive jurisdiction doctrine, and Plaintiff's motion to remand, by **November 30, 2016**.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2016